UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITA PERALTA,<br><br>        Plaintiff,<br><br>    v.<br><br>CLASSIC RESIDENCE MANAGEMENT LIMITED PARTNERSHIP,<br><br>        Defendant. | Case No. 25-cv-03659-NC<br><br>**ORDER TO SHOW CAUSE AS TO DEFENDANT'S CITIZENSHIP AND THE AMOUNT IN CONTROVERSY**<br><br>Re: Dkt. No. 1 |

On April 25, 2025, Defendant Classic Residence Management Limited Partnership filed a notice of removal for an action filed by Plaintiff Tita Peralta in state court. ECF 1.

A defendant may remove a case from state court if the federal court would have had original subject matter jurisdiction over the matter, including based on diversity. 28 U.S.C. §§ 1441(a), (b). A notice of removal must contain a short and plain statement of the grounds for removal and basis for federal jurisdiction. 28 U.S.C. § 1446(a). Diversity jurisdiction requires that parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899; 28 U.S.C. § 1332(c)(1). In contrast, "a partnership is a citizen of all of the states of which its partners are citizens." *Johnson*, 437 F.3d at 899.

1   Defendant asserts complete diversity exists between the parties.  ECF 1 at 3.
2   However, Defendant, a limited partnership, provides only its state of incorporation and
3   principal place of business, without any information as to the citizenship of its partners.
4   ECF 1 at 3.  As such, the Court cannot determine whether complete diversity exists.
5   Defendant is therefore ordered to show cause in writing establishing the citizenship of all
6   its partners.

7   In addition, Defendant asserts the amount in controversy is met, in part, based on
8   Plaintiff's demand for lost back and future wages.  ECF 1 at 4–5.  Defendant proffers that
9   because it employed Plaintiff until August 2023 and her annual salary was over $120,000,
10  Plaintiff at a minimum "seeks in excess of her annual compensation at CRM for lost back
11  and future wages."  ECF 1 at 5.  However, the Court notes that Plaintiff's complaint
12  alleges she was terminated on August 25, 2024, not in August 2023.  ECF 1, Ex. A ¶ 1.
13  Defendant is therefore ordered to show cause as to how the amount in controversy is met
14  where Plaintiff is not seeking a full year's salary of back pay.

15  Defendant must file a response in writing addressing these concerns by May 7,
16  2025.  Plaintiff may file a reply should she so choose by May 14, 2025.

17  **IT IS SO ORDERED.**

19  Dated:  April 30, 2025                              _____
20                                                     NATHANAEL M. COUSINS
                                                       United States Magistrate Judge